

**IT IS ORDERED as set forth below:**

**Date: December 3, 2021**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| In Re: | **CASE NO. 21-21053-JRS** |
| **EXTRUSION GROUP, LLC, _et al._,[1]** | **CHAPTER 11** |
| **Debtors.** | **Jointly Administered** |
| | **CONTESTED MATTER** |

### PROTECTIVE ORDER

WHEREAS, the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through counsel, pursuant to, _inter alia_, section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Fed. R. Civ. P. Rule 26(c), made applicable by, _inter alia_, Fed. R. Bankr. P 7026, have moved for the entry of this Protective Order (the "**Protective Order**") on the grounds that certain documents or information encompassed by discovery demands or pleadings in matters related to the above-captioned chapter 11 cases

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

(the "**Chapter 11 Cases**"), including the adversary proceeding brought by the Debtors, Micheal Houston, and Michael Cook (Mr. Houston and Mr. Cook, together, the "**Individual Defendants**") against Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC (together, "**Kimberly-Clark**") pending before this Court (Adversary Proceeding No. 21-02038) (the "**Adversary Proceeding**"), may involve the production or disclosure of trade secrets, confidential and competitively sensitive business information, or other proprietary information.

WHEREAS, the Debtors seek this Protective Order on behalf of themselves and other parties in interest consenting to this Order, including the Individual Defendants and Kimberly-Clark, in order to limit the disclosure thereof in accordance with Fed. R. Civ. P. 26(c).

NOW THEREFORE, for good cause shown upon the record in these proceedings, and the agreement of counsel and the Consenting Parties (defined below), it is hereby stipulated among the parties and ORDERED that:

1.    Parties and Definitions and Document Designations.  Subject to the terms of this Protective Order, (i) the Debtors, (ii) parties-in-interest consenting to this Order, which include the Individual Defendants, Kimberly-Clark, Aero Nonwovens, LLC and Aero World Wide, LLC (the "**Consenting Parties**"), and (iii) persons or entities who in the future wish to receive documents or information covered by the protections of this Protective Order, or utilize the protections of this Protective Order, and who have executed either a stipulation and/or consent order joining in this Protective Order and agreeing to be bound by its terms, or, as applicable, an Acknowledgment (hereinafter, the "**Acknowledging Parties**") substantially in the form as attached as Exhibit "A" (the Debtors, the Consenting Parties and the Acknowledging Parties are collectively referred to hereinafter as the "**Participating Parties**" and each a "**Participating Party**"), may in good faith designate documents, information, and things as either

2

"CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," depending on the sensitivity of the document, information, or thing.

(a)     For purposes of this Protective Order and all documents, information, or things to which this Protective Order may apply, the phrase "Confidential Information" means any document, information, or thing, supplied in any form, or any portion thereof, which the designating Participating Party reasonably and in good faith believes that if disclosed or otherwise made available to others and/or the public, such disclosure would likely harm the designating Participating Party's competitive position concerning, among other things: that entity's business operations; business processes; business strategies; or, that such disclosure would expose confidential information regarding customers, dealers, distributors, and/or other commercially sensitive information that is not publicly known, and/or that such disclosure would likely contravene the designating Participating Party's obligation of confidentiality to a third party, or, as to non-publicly available personal information, such disclosure would likely cause comparable harm to the designating Participating Party's personal interests.

(b)     Documents, information, and things that are produced or disclosed by any Participating Party may be designated as "CONFIDENTIAL" only to the extent a designating Participating Party has a good faith belief that such documents, information, or things contain Confidential Information not otherwise known or available to the public.  Through designating any document, information, or thing as "CONFIDENTIAL" in the Chapter 11 Cases or the Adversary Proceeding, the designating Participating Party is representing to all other Participating Parties and this Court the designating Participating Party's good faith belief that the document, information, or thing labeled "CONFIDENTIAL" contains or constitutes Confidential Information as that term is defined herein.

(c)       For purposes of this Protective Order and all documents, information, or things to which this Protective Order may apply, the phrase "Confidential–Attorneys' Eyes Only Information" means any document, information, or thing, supplied in any form, or any portion thereof, which the designating Participating Party reasonably and in good faith believes to be so economically or competitively sensitive that (i) it is sufficiently valuable and secret to afford a potential or actual advantage over others, (ii) its disclosure to existing or potential business competitors would materially affect or threaten injury to the business, commercial, or financial interests of such Participating Party, and (iii) it is reasonable under the circumstances to maintain its secrecy.   As that term is used herein, "Confidential–Attorneys' Eyes Only Information" includes, but is not limited to: (a) highly sensitive information relating to the development of products, including alleged trade secrets and internal product specifications; (b) highly sensitive current or future business, sales, product development or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, licenses, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; and (e) any other documents, information, or materials that relate to proprietary information that the producing Participating Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could cause significant harm or competitive disadvantage to the producing Participating Party, or could create a substantial risk of serious harm that could not be avoided by less restrictive means, or, as to non-publicly available personal information, such disclosure would likely cause comparable harm to the producing Participating Party's personal interests.

(d)       Documents, information, and things that are produced by any Participating Party may be designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to the extent

4

a designating Participating Party in good faith considers such documents, information, or things to contain Confidential-Attorneys' Eyes Only Information not otherwise known or available to the public, disclosure of which may threaten competitive harm to the designating Participating Party. Through designating any document, information, or thing as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in the Chapter 11 Cases or the Adversary Proceeding, the designating Participating Party is representing to all other Participating Parties and this Court the designating Participating Party's good faith belief that the document, information, or thing labeled "CONFIDENTIAL– ATTORNEYS' EYES ONLY" contains or constitutes Confidential-Attorneys' Eyes Only Information as that term is defined herein.

(e)    Notwithstanding the foregoing definitions of "Confidential Information" and "Confidential–Attorneys' Eyes Only Information," and the limitations on the designation of documents containing same, for the purposes of facilitating full and complete responses to discovery requests, and to foster the disclosure of documents and information which may assist in the resolution of contested matters in the Chapter 11 Cases or the Adversary Proceeding, a Participating Party may, out of an abundance of caution, or otherwise, initially designate documents or categories of documents as "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY," with the understanding that the designation of any particular document or categories of documents will be revisited and reconsidered in the event of any request to do so by any Participating Party who has received such document or category of documents, and each Participating Party, by agreeing to be bound by the provisions of this Protective Order, also agrees to negotiate in good faith with all other applicable Participating Parties to informally resolve any disputes regarding the designation of documents or categories of documents as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

(f)     For purposes of this Protective Order, the phrase "In-House Counsel" means attorneys for Participating Parties in the Chapter 11 Cases or the Adversary Proceeding, exclusive of any In-House Litigation Counsel, who are employees of a Participating Party but who have employment responsibilities broader than solely in connection with litigations or legal actions of such Participating Party (*e.g.*, involved in competitive decision-making of such Participating Party or its affiliates).

(g)     For purposes of this Protective Order, the phrase "In-House Litigation Counsel" means up to two attorneys for each Participating Party in the Chapter 11 Cases or the Adversary Proceeding, exclusive of any In-House Counsel, who are employees of a Participating Party but who have employment responsibilities solely in connection with litigations or legal actions of such Participating Party; provided that such person is responsible for monitoring and/or supervising the Chapter 11 Cases or the Adversary Proceeding, and is not involved in the competitive decision-making of a Participating Party or its affiliates.  A Participating Party may, as necessary, substitute on a one-for-one basis designated In-House Litigation Counsel upon (i) demonstrating good cause, (ii) the proposed substitute In-House Litigation Counsel meeting the definitional criteria of this Section 1(e), and, (iii) provided that such Participating Party provide the other Participating Parties written notice prior to said substitution.  For the purpose of this paragraph, "good cause" includes, but is not limited to, the departure of a designated In-House Litigation Counsel from employment and/or the promotion/transfer of a designated In-House Litigation Counsel within the organization thus obviating his/her responsibilities with respect to the Chapter 11 Cases or the Adversary Proceeding.  A Participating Party that receives a written notice of substitution may object to such substitution within five (5) business days after receipt of such notice.  A Participating Party must meet and confer with the objecting Participating Party

(either in person or by telephone) to try to resolve the matter by agreement within three (3) business days of the written objection.  If the dispute is not resolved during the meet and confer, the Participating Party making the objection may seek relief from the Court within five (5) business days of the meet and confer, after which any objections are waived.  No substitution of designated In-House Litigation Counsel shall become effective until any such objection is resolved or waived by failure to seek relief from the Court.  The burden shall be on the objecting Participating Party to establish why a proposed substitute In-House Litigation Counsel may not receive documents, information, or things designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" notwithstanding the protections afforded by this Protective Order.

2.    Use of Confidential Information.  With respect to all documents, information and things produced by a Participating Party for inspection and copying that are designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by the producing Participating Party pursuant to the procedures described below in paragraph 6, the documents and things, and the information contained therein, shall be received and used only for purposes related to any contested matter in the Chapter 11 Cases or the Adversary Proceeding, unless: (a) the producing Participating Party expressly consents in writing or on the record to another use or (b) this Court, after notice to the appropriate Participating Party and the opportunity for a hearing, deems this Protective Order applicable to such other use, and authorizes such other use subject to the terms and provisions of this Protective Order.  Documents, things, and the information contained therein, designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," may not be used for promotional, competitive, or any purposes not specifically authorized by this Protective Order.

3.      <u>Redaction of Personally Identifiable Information</u>.  To the extent any receiving Participating Party desires to use, pursuant to paragraph 2 hereof, any document, information, or thing designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" that contains or references personally identifiable information, including, without limitation, an individual's social security number or date of birth, taxpayer-identification number, complete financial account number or credit/debit card numbers or any other information falling within the scope of Federal Rule of Bankruptcy Procedure 9037 (the "**PII**"), such Participating Party shall: (i) first notify and consult with the producing Participating Party that initially provided the PII regarding the Participating Party's desired use of the Confidential Information containing the PII and (ii) redact the PII from any filing in the Chapter 11 Cases or the Adversary Proceeding, or other public dissemination thereof so as to comply with Fed. R. Bankr. P. 9037.

4.      <u>Authorized Persons for Confidential Documents</u>.  Documents, information, or things designated "CONFIDENTIAL" may be disclosed by the recipient thereof only to:

(a)      Outside counsel of record for Participating Parties in the Chapter 11 Cases or the Adversary Proceeding, including their authorized secretarial, clerical, or legal-assistant staff, provided that such individual is not also an employee of a Participating Party (hereinafter, "**Counsel of Record**");

(b)      In-House Litigation Counsel of the Participating Parties;

(c)      In-House Counsel and other professionals of the Participating Parties;

(d)      the Debtors, provided such individual of Debtors has executed the Acknowledgment attached as Exhibit A;

(e)      the Individual Defendants, provided such individual has executed the Acknowledgment attached as Exhibit A;

8

(f)     individuals employed by Kimberly-Clark and its affiliates, provided such individual has executed the Acknowledgment attached as Exhibit A;

(g)     outside consultants and experts (including their staff) in contested matters in the Chapter 11 Cases or the Adversary Proceeding, subject to paragraph 8;

(h)     the Bankruptcy Court and Bankruptcy Court personnel, subject to paragraph 10;

(i)     court reporters employed in connection with the Chapter 11 Cases or the Adversary Proceeding; and

(j)     outside copying and computer services necessary for document handling and other litigation support, who shall be provided with a copy of this Protective Order and shall execute the Acknowledgment attached as Exhibit A.

5.     <u>Authorized Persons for Attorneys' Eyes Only Documents</u>.    Documents, information, or things designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" may be disclosed by the recipient thereof only to:

(a)     Counsel of Record;

(b)     In-House Litigation Counsel of the Participating Parties, provided that any such individual (i) received a copy of this Protective Order, (ii) executed both the Acknowledgment attached as Exhibit A and the "Acknowledgement of Non-Competitive Decision-Making" attached as Exhibit B, (iii) provided a copy of such executed Exhibit A and Exhibit B to the producing Participating Party, and (iv) the notice requirements of Section 8 below have been fulfilled and any objections resolved;

(c)     outside consultants and experts (including their staff) in contested matters in the Chapter 11 Cases or the Adversary Proceeding, subject to paragraph 8;

(d)    the Bankruptcy Court and Bankruptcy Court personnel, subject to paragraph 10;

(e)    court reporters employed in connection with the Chapter 11 Cases or the Adversary Proceeding; and

(f)    outside copying and computer services necessary for document handling and other litigation support, who shall be provided with a copy of this Protective Order and shall execute the Acknowledgment attached as Exhibit A.

6.    <u>Document Production Protocols</u>.

(a)    The designation process for Confidential Information and Confidential-Attorneys' Eyes Only Information shall be as follows:

(i)    The designating Participating Party shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible but still preserve confidentiality as appropriate.

(ii)    All protected material in the form of physical objects or documents shall be designated as containing Confidential Information or Confidential-Attorneys' Eyes Only Information by stamping or affixing on the face of each document and on each page or portion thereof, situated so as to not affect legibility, one of the following two legends: "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," as the case may be (in either lower case or upper case letters), subject to the provisions of paragraph 1(c) of this Protective Order.

(iii)    All protected material in the form of software or digital material stored on an electronic storage device shall be designated as containing Confidential Information by placing either "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"

legend on the device itself, if possible, or by designating the material as containing Confidential

Information in accompanying correspondence, email or similar transmission.    Documents

produced in native format shall contain "CONFIDENTIAL" or "CONFIDENTIAL–

ATTORNEYS' EYES ONLY," as the case may be, in the file name as produced.

        (b)    <u>Withdrawal of Designation</u>.    A Participating Party who has designated

information as containing Confidential Information may withdraw the designation by written

notification to all Receiving Persons.

        7.    <u>Deposition and Transcript Protocols</u>.    If depositions are conducted in the Chapter

11 Cases or the Adversary Proceeding, or in any matter to which this Protective Order is applicable,

during which information considered to be Confidential Information or Confidential-Attorneys'

Eyes Only Information is properly referenced, identified, marked as an exhibit or otherwise

disclosed, the transcripts, exhibits thereto, and any other record of the deposition may be

designated and treated in the same manner as any documents, information, and things otherwise

subject to this Order.    The portions of depositions involving Confidential Information or

Confidential-Attorneys' Eyes Only Information will be taken with no one present except Counsel

of Record, the court reporter, the deponent, and such other persons as would be allowed to receive

the information under paragraphs 4 and 5 above, as the case may be.    Counsel of Record also shall

have five (5) business days after receipt of a non-draft deposition transcript to designate, in good

faith, specific portions (*i.e.*, pages) thereof as "CONFIDENTIAL" or "CONFIDENTIAL–

ATTORNEYS' EYES ONLY." From the date of the deposition until expiration of such period,

the entire deposition will be treated as subject to protection against disclosure as

"CONFIDENTIAL–ATTORNEYS' EYES ONLY" under this Protective Order and not filed with

the Court or other tribunal, as applicable, except under seal marked with reference to this Protective Order as provided in paragraph 9 hereof.

        8.    <u>Disclosure to Experts and In-House Litigation Counsel</u>.

        (a)    <u>Consultants and Experts</u>.  Unless otherwise ordered by the Court or agreed to in writing by the producing Participating Party, documents, information and things designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," any information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things, may be disclosed to an outside consultant or expert whom any Participating Party retains for purposes of the Chapter 11 Cases or the Adversary Proceeding, whether as a consulting or testifying expert, only if the disclosing Participating Party first provides Counsel of Record for every Participating Party that has produced documents, information, or things designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" the Acknowledgment attached as Exhibit A executed by such consultant or expert and makes a written request to the Participating Parties to disclose such information to the consultant or expert that includes the following information: (i) the name of the consultant or expert; (ii) the consultant's or expert's present employer, business address, and title; (iii) a list of all cases or proceedings in which the consultant or expert testified as an expert at trial or by deposition during the previous four years; (iv) an up-to-date curriculum vitae; and (v) an identification of the consultant's or expert's employment and/or consultations during the previous four years, and an identification of whether the consultant or expert was employed by, or consulted on behalf of, any of the Consenting Parties at any time (not limited to the previous four years).

        (b)    <u>In-House Litigation Counsel</u>.  Unless otherwise ordered by the Court or agreed to in writing by the producing Participating Party, documents, information and things

designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY," any information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things, may be disclosed to a Participating Party's In-House Litigation Counsel only if the disclosing Party first provides Counsel of Record for every Participating Party that has produced documents, information, or things designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" the Acknowledgment attached as Exhibit A and the "Acknowledgement of Non-Competitive Decision-Making" attached as Exhibit B executed by such In-House Litigation Counsel and makes a written request to the Participating Parties to disclose such information to the In-House Litigation Counsel.

(c)     A Participating Party that makes a request or disclosure to provide the information specified in the preceding paragraphs 8(a) or 8(b) may disclose said information to the identified expert or In-House Litigation Counsel, as the case may be, on or after the day after the fifth (5th) business day after making the request and providing the required information (collectively, the "**Request Date**") unless, within five (5) business days of the Request Date, the Participating Party receives a written objection from a Participating Party setting forth the particular grounds on which the objection is based.  A Participating Party that receives a timely written objection must meet and confer with the objecting Participating Party (either in person or by telephone) to try to resolve the matter by agreement within three (3) business days of the written objection.  If the dispute is not resolved during the meet and confer, the Participating Party making the objection may seek relief from the Court within five (5) business days of the meet and confer, after which any objections are waived.  No such requested information may be disclosed to the expert or In-House Litigation Counsel, as the case may be, until any such objection is resolved or waived by failure to seek relief from the Court.  The burden shall be on the objecting Participating

Party to establish why an expert or In-House Litigation Counsel may not receive the requested information notwithstanding the protections afforded by this Protective Order.

9.    <u>Privilege Logs</u>.  Nothing in this Protective Order shall require disclosure of any material that a Participating Party contends is protected from disclosure by the attorney-client privilege, work-product doctrine immunity or any other legally recognized privilege or immunity from disclosure.  Copies of documents may be produced in masked form if the masking serves to redact: (a) information protected by the attorney-client privilege; (b) information protected by the work-product doctrine; and/or (c) information protected by any other applicable legally recognized privilege or immunity.  If documents are provided in masked form by a Participating Party, the Participating Party shall also provide to any receiving Participating Party a log generally identifying the information masked and stating the purpose for the masking.  The receiving Participating Party may take issue with the masking of the identified information by filing an appropriate motion with this Court, or other tribunal, as applicable.

10.    <u>Use of Information at Depositions and Hearings and Filing Documents under Seal</u>.

(a)    Confidential Information and Confidential-Attorneys' Eyes Only Information may be disclosed in testimony, in hearings, or at any trial in the Chapter 11 Cases or the Adversary Proceeding, or may be entered into evidence at hearings or at the trial in the Chapter 11 Cases or the Adversary Proceeding, subject to the applicable provisions of the Federal Rules of Evidence, this Protective Order, the Court's Local Rules, and any further Order that this Court, or other tribunal, as applicable, may enter.  The use of such information in the Chapter 11 Cases or the Adversary Proceeding shall not cause the information to lose its confidential status.  In the event any Participating Party wants to file or use at hearing any documents, information, or things designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" with

this Court, or other tribunal, as applicable, and the designating Participating Party does not consent

to such material being filed in the public record or used at hearing, then the Participating Party

desiring to file or use such documents, information, or things shall make an application to this

Court or tribunal, on notice to the designating Participating Party, for (i) leave under 11 U.S.C.

§ 107(b), or other relevant rule, to file such material under seal, or otherwise submit in camera, or

(ii) a determination that such material should not be treated as "CONFIDENTIAL" or

"CONFIDENTIAL–ATTORNEYS' EYES ONLY."  In the event that this Court, or other tribunal,

as applicable, after appropriate notice and a hearing, permits any document, information, or thing

designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" to be

filed under seal, or submitted in camera, such material, and any pleadings, motions, or other papers

filed with this Court, or other tribunal, as applicable, shall be filed, or submitted, as applicable, in

a sealed envelope (or other sealed container) which shall be endorsed with the title of the action,

the words "CONFIDENTIAL INFORMATION" and a statement in substantially the following

terms:

> This envelope contains documents, information, or things that
> were filed in this action pursuant to a Protective Order. The
> envelope is not to be opened or the contents thereof to be
> displayed or revealed, except by Order of the Court.

The foregoing shall not prevent any appropriately marked second copy of any designated material

specifically intended for review by this Court or other tribunal from being hand delivered to this

Court, or other tribunal, as applicable, to assure that the same is brought promptly to this Court's

or other tribunal's attention.  The foregoing also shall not prevent any Participating Party, or any

other person with an interest or standing to do so, to file a motion or other appropriate pleading with this Court, or other tribunal, as applicable, challenging the initial sealing of any such documents or things and/or the continued sealing of any such documents or things.

(b)    Notwithstanding any other provision in this Protective Order, documents, things, and other information designated as "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY" may be presented to a witness at deposition, hearing, or trial if a foundation is laid to draw a reasonable inference that said witness was an actual author of, actual recipient of, was demonstrably provided such Confidential Information or Confidential-Attorneys' Eyes Only Information (e.g., where it is clear from the text of the document, from another document, or from testimony that such information was provided to the witness), is accused by the producing Participating Party of such information to having had access to such information, or the witness is a present director, officer, 30(b)(6) designee, or employee of the producing Participating Party of such information.    Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEYS' EYES ONLY" in the manner set forth herein shall not be deemed to otherwise confer on said witness the status of an Authorized Person pursuant to Sections 4 and 5 of this Protective Order.

11.    Inadvertent Disclosure. Every Participating Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of Confidential Information or Confidential-Attorneys' Eyes Only Information designated pursuant to this Protective Order.  Such information shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such information will be unlikely to obtain access to it.  If any person in possession of Confidential Information or Confidential-Attorneys' Eyes Only Information learns of any improper disclosure of same, such person, or, as applicable, such person's counsel, shall,

within five days after so learning: (a) notify the producing Participating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the information disclosed, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment" that is attached hereto as Exhibit A.

12.    <u>Clawback and Nonwaiver</u>.  The production or disclosure of privileged or work-product protected documents, electronically stored information ("**ESI**") or information (including, without limitation, materials or information protected by the attorney-client privilege, attorney work product, or other privilege or protection) (collectively, "**Privileged Information**"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in the Chapter 11 Cases or the Adversary Proceeding or in any other proceeding and it is expressly agreed by the Participating Parties that this Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Upon discovery by a producing Participating Party that it did or may have produced Privileged Information, the producing Privileged Party shall, within ten days of such discovery, request the return of such Privileged Information by sending a written notification ("**Clawback Letter**") to the receiving Participating Party, which shall identify the documents or ESI in question by Bates number or otherwise and the basis on which the Privileged Information should have been withheld from production.  The requirements in this paragraph apply equally to instances in which a producing Participating Party discovers during a deposition that it did or may have produced Privileged Information.  For purposes of this protocol, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.  Upon receipt of a Clawback Letter, the receiving Participating Party shall promptly destroy or delete all documents or ESI containing

Privileged Information identified in the Clawback Letter, and all reproductions or summaries thereof, regardless of whether the receiving Participating Party plans to challenge the claim of privilege. The receiving Participating Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing Participating Party shall, within five (5) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted. If a receiving Participating Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Participating Party and provide the basis for disputing the privilege claim in writing. The producing Participating Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the parties shall meet and confer in a good faith attempt to resolve the dispute. In the event that the parties do not resolve their dispute, the receiving Participating Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing Participating Party shall submit to the Bankruptcy Court, under seal and for *in camera* review, a copy of the disputed Privileged Information in connection with its motion papers. This in camera submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than ten (10) business days after the parties meet and confer, unless otherwise agreed by the parties. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the producing Participating Parties. The obligations of the Participating Parties set forth in this section apply irrespective of the care taken by the producing Participating Party to prevent disclosure of the Confidential Information.

13.    <u>Destruction of Confidential Information</u>.  Unless otherwise ordered by this Court, or other tribunal, as applicable, documents, things, or other information identified by any Participating Party as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and all copies thereof, shall, within 60 days after the close or dismissal of the Chapter 11 Cases, or such earlier date if so ordered by the Court, either be: (1) returned to the Participating Parties producing such documents, transcripts or information; or (2) destroyed.  If destroyed, such destruction of all such designated materials shall be certified in writing to the producing Participating Parties.  Notwithstanding the foregoing, and subject to the terms of this Protective Order, Counsel of Record for the Participating Parties may keep one copy of papers served upon Participating Parties or filed with this Court, expert reports, and deposition transcripts that refer to or incorporate Confidential Information or Confidential-Attorneys' Eyes Only Information.

14.    <u>Challenging Designations</u>.  Any Participating Party shall have the right to challenge any designation by seeking an order of this Court, or other tribunal, as applicable, with respect to any documents, information, or things designated by the producing Participating Party as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." In any such proceeding, the producing Participating Party shall have the burden of establishing the need for maintaining such designation.  Before seeking any relief under this paragraph from this Court, or other tribunal, as applicable, the parties will make a good-faith effort to resolve any disputes concerning the treatment of any such information.

15.    <u>Service of Acknowledgment</u>.    Any Acknowledgment signed by any Acknowledging Party shall be served by the requesting party upon the Consenting Parties in any contested matter or adversary proceeding to which this Protective Order is applicable, within five business days of the date of execution of the Acknowledgment.

16.    <u>Late Designation</u>.  If through inadvertence, error or oversight, a Participating Party fails to properly designate a document, information, or thing as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" at the time of production or disclosure, that Participating Party shall promptly notify any receiving Participating Parties of such error or oversight as soon as such error or oversight is discovered and shall provide properly designated copies of the particular document(s), information, or thing(s) that have been reclassified as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Thereafter, the receiving Participating Parties shall return or destroy all clean, unmarked copies of the document; shall mark all other copies with the proper designation; and shall otherwise treat such document(s), information, or thing(s) in the same manner as if it had been properly designated or classified originally.

17.    <u>Discovery from Experts or Consultants</u>.  The Participating Parties will not seek drafts of expert reports, declarations, affidavits or notes taken by experts or consultants retained in connection with the Chapter 11 Cases or the Adversary Proceeding, whether those reports, declarations, affidavits, or notes relate to the Chapter 11 Cases or the Adversary Proceeding, to any prior litigation, or to any currently pending investigation, litigation or proceeding involving any of the Participating Parties.  The Participating Parties will not seek documents relating to communications between such experts and Counsel, including email communications, whether generated in connection with the Chapter 11 Cases or the Adversary Proceeding, to any prior litigation, or to any currently pending investigation, litigation or proceeding involving any of the Participating Parties, except for documents, information and things included in or attached to such communications that are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.  Except where a draft was produced as the only available copy, the

Participating Parties will not inquire at deposition, hearing or trial as to the contents of drafts of expert reports, declarations or affidavits, nor notes pertaining thereto, whether drafted in connection with the Chapter 11 Cases or the Adversary Proceeding, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the Participating Parties, and the Participating Parties will not inquire at deposition, hearing or at trial as to the expert's communications, written or oral, with counsel, whether generated in connection with the Chapter 11 Cases or the Adversary Proceeding, a prior litigation, or any currently pending investigation, litigation or proceeding involving any of the Participating Parties, except to the extent that the expert explicitly references or cites information from counsel in his or her expert report, declaration, affidavit or testimony.  Nothing herein is intended to restrict the Participating Parties' ability to inquire into the basis of any of the opinions expressed by any expert in his or her report, declaration, affidavit or testimony, nor is anything herein intended to restrict the Participating Parties' ability to inquire as to the expert's qualifications, publications or public statements.  Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for purposes of this Action and need not be identified on a privilege log.  Nothing in this provision is intended to restrict the scope or applicability of Federal Rule of Civil Procedure 26.

18.    <u>Nothing in this Protective Order shall</u>:

(a)    Constitute a concession or admission on the part of the receiving Participating Party that the document, information, or thing is confidential or a trade secret or that it has been properly designated as such.

(b)    Limit a receiving Participating Party's use of: (1) documents and information obtained through lawful and permissible avenues other than discovery in the Chapter

11 Cases or the Adversary Proceeding, or (2) documents obtained through discovery in the Chapter 11 Cases or the Adversary Proceeding that subsequently become publicly available through no fault of the receiving Participating Party.

(c)     Limit, expand or restrict any Participating Party's right: (1) to resist or compel discovery with respect to materials that any Participating Party may claim to be privileged or otherwise not discoverable in the Chapter 11 Cases or the Adversary Proceeding; or (2) seek additional protection pursuant to the Federal Rules of Civil Procedure.

(d)     Bar or otherwise prevent any attorney herein from rendering legal advice to his or her client that is based on the attorney's examination or knowledge of Confidential Information or Confidential-Attorneys' Eyes Only Information; *provided, however*, that in rendering such legal advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents or source of any Confidential Information or Confidential-Attorneys' Eyes Only Information to any person not authorized to receive such information under the terms of the various provisions of this Protective Order.  Violations of this Protective Order shall be subject to the contempt powers of this Court and such other sanctions as this Court may deem appropriate.

(e)     Amend, modify, or supersede in any way the Stipulated Protective Order [D.I. 83] entered in the action styled *Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC v. Extrusion Group, LLC; Extrusion Group Services, LLC; EG Global, LLC; EG Ventures, LLC; Micheal Houston; and Michael Cook*, Civil Action File No. 1:18-cv-04754-SDG pending in the United States District Court for the Northern District of Georgia.

19.     <u>Miscellaneous Provisions</u>

(a)        All Confidential Material shall remain the exclusive proprietary property of the producing Participating Party.

(b)        The Participating Parties shall be severally (not jointly) responsible for any breach of this Protective Order.  The Participating Parties agree that the unauthorized disclosure or use of Confidential Information may cause irreparable harm and significant injury to a producing Participating Party, the degree of which may be difficult to ascertain and that money damages may not be a sufficient remedy for any breach and that the producing Participating Parties shall therefore be entitled to seek equitable relief, including, without limitation, by way of an injunction and specific performance, in the event of any breach of the provisions of this Protective Order, in addition to all other remedies available to the producing Participating Party at law or in equity.

(c)        The provisions set forth in this Protective Order may only be modified or waived by a separate writing by the Participating Parties hereto expressly modifying or waiving such provision.

(d)        No failure or delay by any Participating Party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise preclude any further exercise of any right, power or privilege hereunder.

(e)        This Protective Order shall be governed by, and construed in accordance with, the laws of the State of Georgia without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

(f)        The Participating Parties hereby irrevocably and unconditionally consent to submit to the jurisdiction of the Bankruptcy Court for any issues, actions, suits, or proceedings arising out of or relating to this Protective Order.

20.    <u>Immediate Effect</u>.  The Debtors and the Consenting Parties whose counsel have heretofore signed this Protective Order agree to be bound by its terms pending its adoption or modification by this Court; and this Protective Order, as it may be modified, shall be in effect as to such persons upon its entry.  Thereafter, this Protective Order shall become binding upon other Consenting Parties or Acknowledging Parties upon their execution of a stipulation, consent order and/or an Acknowledgement agreeing to be bound by its terms.  If applicable, this Protective Order shall become binding upon any other person upon the entry of an order by this Court or other court or tribunal of competent jurisdiction that such person shall be bound by this Protective Order.  This Court shall retain jurisdiction to resolve any dispute concerning the applicability of this Protective Order and the dissemination or use of information disclosed hereunder.  After the close or dismissal of the Chapter 11 Cases and the Adversary Proceeding to which this Protective Order is applicable, this Protective Order shall continue to be binding upon the Participating Parties hereto and all persons to whom  Confidential Information or Confidential-Attorneys' Eyes Only Information has been disclosed or communicated.

**PREPARED BY AND CONSENTED TO**

*/s/ Caitlyn Powers_____*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com

**CONSENTED TO:**

*/s/Micheal Houston with express permission*
Micheal Houston, *pro se*

-and-

*/s/ Michael Cook with express permission_*
Michael Cook, *pro se*

-and-

24

bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for the Debtors*

*/s/ Michael Neumeister*
James A. Lamberth (Ga. Bar No. 431851)
Harris B. Winsberg (Ga. Bar No. 770892)
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
600 Peachtree Street,
NE Suite 3000
Atlanta, GA 30308
(404) 885-3362
james.lamberth@troutman.com
harris.winsberg@troutman.com
nathan.deloatch@troutman.com
-and-
Jeffrey C. Krause (pro hac vice)
Michael Neumeister (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
jkrause@gibsondunn.com
mneumeister@gibsondunn.com

John G. Conte, Esq. (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000
jconte@gibsondunn.com

*Attorneys for Creditors Kimberly-Clark Corporation and Kimberly-*

*Clark Global Sales, LLC*

-and-

<u>*/s/ Daniel E. Raskin with express permission*</u>
Daniel E. Raskin (Ga. Bar No. 594950)
Law Offices of Daniel E. Raskin
325 Hammond Drive NE
Atlanta, GA 30328-5026
(404) 255-8878 Telephone
(404) 255-8845 Facsimile
draskin@raskin-law.com
*Attorney for Aero Nonwovens, LLC and*
*Aero World Wide, LLC*

Exhibit "A"

(Form of Acknowledgement)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>**EXTRUSION GROUP, LLC,** *et al.,*[2]<br><br>**Debtors.** | **Case No.: 21-21053-JRS**<br><br>**Chapter 11**<br><br>**(Jointly Administered)** |
| **EXTRUSION GROUP, LLC;<br>EXTRUSION GROUP SERVICES, LLC;<br>EG GLOBAL, LLC; EG VENTURES,<br>LLC; MICHEAL HOUSTON; and<br>MICHAEL COOK,**<br><br>           **Plaintiffs,**<br><br>**v.**<br><br>**KIMBERLY-CLARK CORPORATION;<br>and KIMBERLY-CLARK GLOBAL<br>SALES, LLC,**<br><br>           **Defendants.** | **ADVERSARY PROCEEDING NO.<br>21-02038** |

<u>**Acknowledgement**</u>

Pursuant to 28 U.S.C. § 1746, the Undersigned makes this Acknowledgement and Declaration for use in the above-styled proceedings and the applicable Adversary Proceeding therein:[3]

1.       I have read the Protective Order.

2.       I understand the contents of the Protective Order, and I further understand the contents of this Acknowledgement.

---

[2]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

[3]  Capitalized terms not defined herein shall have the meaning given thereto in the Protective Order entered in the above-captioned Bankruptcy Case (the "Protective Order").

3.      In consideration of my execution of this Acknowledgement, I will be given access to protected material which has been designated as containing either Confidential Information or Confidential–Attorneys' Eyes Only Information, as defined and to the extent permitted in the Protective Order, and which either does or may contain, embody, or reference proprietary or other confidential research, development, or commercial information.

4.      I agree that: (a) I shall be bound by and at all times comply with the terms, provisions, and conditions of the Protective Order; (b) I acknowledge that failure to so comply could expose the undersigned to significant damages and other liability; (c) I shall not disclose to anyone, except as provided under the terms of the Protective Order, any Confidential Information contained therein to which I am given access; (d) I shall deal with such Confidential Information and/or Confidential–Attorneys' Eyes Only Information strictly in accordance with procedures outlined in the Protective Order; (e) I shall not duplicate, recreate, communicate or otherwise utilize such Confidential Information and/or Confidential–Attorneys' Eyes Only Information except as specifically authorized by the Protective Order; and (f) I shall take all steps within my power to safeguard and maintain said Confidential Information and Confidential-Attorneys' Eyes Only Information in accordance with the Protective Order.

5.      I further consent to the jurisdiction of the United States Bankruptcy Court for the Northern District of Georgia for the purpose of enforcing the terms of the Protective Order and this Acknowledgment, even if such enforcement proceedings occur after termination or conclusion of the Chapter 11 Cases or the Adversary Proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20___.

Signature: _____
Printed Name: _____

Title/Position Held: _____

Address: _____
_____
_____

Signed, Sealed and Delivered
in the Presence of:

_____(SEAL)

Dated: _____

2

Exhibit "B"

(Form of Acknowledgement of Non-Competitive Decision Making)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

|  |  |
|---|---|
| In re: | Case No.: 21-21053-JRS |
| **EXTRUSION GROUP, LLC,** *et al.,*[4] | **Chapter 11** |
| **Debtors.** | **(Jointly Administered)** |
| **EXTRUSION GROUP, LLC; EXTRUSION GROUP SERVICES, LLC; EG GLOBAL, LLC; EG VENTURES, LLC; MICHEAL HOUSTON; and MICHAEL COOK,** | **ADVERSARY PROCEEDING NO. 21-02038** |
| **Plaintiffs,** | |
| **v.** | |
| **KIMBERLY-CLARK CORPORATION; and KIMBERLY-CLARK GLOBAL SALES, LLC,** | |
| **Defendants.** | |

**Acknowledgement of Non-Competitive Decision Making**

Pursuant to 28 U.S.C. § 1746, the Undersigned makes this Acknowledgement and Declaration for use in the above-styled proceedings and the applicable Adversary Proceeding therein:[5]

1.    I have read the Protective Order.

2.    I understand the contents of the Protective Order, and I further understand the contents of this Acknowledgement of Non-Competitive Decision Making.

3.    I have executed the Acknowledgement (Exhibit A) to the Protective Order.

---

[4]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

[5]  Capitalized terms not defined herein shall have the meaning given thereto in the Protective Order entered in the above- captioned Bankruptcy Case (the "Protective Order").

4.      My present employer and the address of my present employer are _____

_____

_____.

5.      My present occupation or job description is _____

_____

_____.

6.      My job title is _____

_____.

7.      In addition to the provisions sworn to the Acknowledgement (Exhibit A) to the Protective Order, I further acknowledge that because of my duties to my client in regard to the above-styled proceedings and the applicable Adversary Proceeding therein, I will require access to Confidential–Attorneys' Eyes Only Information.  Pursuant thereto, I declare that I have no current involvement in any marketing, financial, pricing, engineering, patent prosecution relating to meltblown or coform materials or manufacturing, or other competitive business decisions ("competitive decision-making") for any Party to this Action, and will not have involvement in competitive decision-making for the duration of the above-styled proceedings and the applicable Adversary Proceeding therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_\_.

Signature: _____

Printed Name: _____

Title/Position Held: _____

Address: _____

_____

_____

Signed, Sealed and Delivered
in the Presence of:

_____(SEAL)

Dated: _____