**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In Re: | **CASE NO. 21-21053-JRS** |
| **EXTRUSION GROUP, LLC,** *et al.*,[1] | **CHAPTER 11** |
| Debtors. | Jointly Administered |

**NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING ON DEBTORS' MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

The above-captioned Debtors and Debtors-in-possession (collectively, the "**Debtors**") have filed a Motion to Extend the Exclusive Periods During Which Debtors May File and Solicit Acceptances of a Chapter 11 Plan on December 21, 2021. Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at the Sidney O. Smith Federal Building and United States Courthouse 121 Spring Street SE, Room 120, Gainesville, GA 30501, and serve a copy on the movant's attorney, Rountree Leitman & Klein, LLC at Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, Georgia 30329, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **January 27, 2022**, at **10:30 A.M.**, in **Courtroom 103, U.S. Courthouse, 121 Spring Street, SE, Gainesville, 30501**. If an objection or response is timely filed and served, the hearing will proceed as scheduled. If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: December 21, 2021                    ROUNTREE LEITMAN & KLEIN, LLC

/s/ Caitlyn Powers
William A. Rountree, Ga, Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for the Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| In Re: | CASE NO. 21-21053-JRS |
| **EXTRUSION GROUP, LLC,** *et al.*,[1] | CHAPTER 11 |
| Debtors. | Jointly Administered |

## MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

The above-captioned Debtors and Debtors-in-possession (collectively, the "**Debtors**") hereby file this motion (the "**Motion**"), pursuant to section 1121(d) of the Bankruptcy Code for entry of an order extending the time within which the Debtors may file and solicit acceptances of a chapter 11 plan. In support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASE

1. On October 5, 2021 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the filing, the Debtors have continued in possession of their property and have operated and managed their affairs as debtors-in-possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code. No creditors' committee, trustee, or examiner has been appointed in these cases.

2. Since the Petition Date, the Debtors have been working to resolve disputed debts with Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC (collectively, "**Kimberly-Clark**"). Kimberly-Clark filed its Motion to Dismiss Case for Cause or, in the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

Alternative, Motion for Relief from Stay on October 22, 2021 (the "**Motion to Dismiss**") [Doc. 40].

3. Meanwhile, on October 22, 2021, the Debtors in conjunction with Micheal Houston and Michael Cook (the "**Extrusion Parties**") initiated Adversary Proceeding No. 21-2038 (the "**Adversary Proceeding**") against Kimberly-Clark seeking injunctive relief to stay or enjoin the continued prosecution of Kimberly-Clark's lawsuit brought against the Extrusion Parties in the United States District Court for the Northern District of Georgia, styled *Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC v. Extrusion Group, LLC; Extrusion Group Services, LLC; EG Global, LLC; EG Ventures, LLC; Micheal Houston; and Michael Cook*, Case No. 1:18-cv-04754-SDG (the "**District Court Case**"). That same day the Extrusion Parties also filed a motion for temporary restraining order and preliminary injunction (the "**Injunction Motion**") in the Adversary Proceeding to enjoin the continued prosecution of the District Court Case against Mr. Houston and Mr. Cook individually.

4. Since then, the parties have been engaging in discovery and both the Motion to Dismiss and the Injunction Motion are set for hearing on January 6, 2022. Depending on how the Court rules on these pending motions, the Debtors may need additional time to formulate and propose a plan of reorganization.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

**RELIEF REQUESTED**

7.     By this Motion, the Debtors request entry of an order under Bankruptcy Code section 1121(d) extending the periods within which only the Debtors may file a chapter 11 plan and solicit acceptances thereof by 120 days. Unless extended, the Debtors' Plan Periods and Solicitation Periods (each as defined below, and together, the "**Exclusivity Periods**") will expire on February 2, 2022 and April 4, 2022,[2] respectively. The Debtors seek to extend the Plan Periods and Solicitation Periods through and including June 2, 2022 and August 2, 2022, respectively, without prejudice to the Debtors' rights to seek further extensions of both periods. This is the Debtors' first request for an extension of the Exclusivity Periods.

**BASIS FOR RELIEF**

8.     Bankruptcy Code section 1121(b) provides for an initial 120-day period after the Petition Date within which a debtor has the exclusive right to file a chapter 11 plan of reorganization (the "**Plan Period**"). Bankruptcy Code section 1121(c) further provides for an initial 180-day period after the Petition Date within which a debtor has the exclusive right to solicit and obtain acceptances of a plan filed by the debtor during the Plan Period (the "**Solicitation Period**").

9.     Under Bankruptcy Code section 1121(d), the Court may extend the Exclusivity Periods for cause. Specifically, Bankruptcy Code section 1121(d)(1) provides: "[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Courts have identified

---

[2] The 180th day is April 3, 2022, which is a Sunday, so the original expiration date for the Solicitation Period is the following Monday, April 4, 2022.

-3-

several key factors relevant to a determination of whether cause exists under Bankruptcy Code section 1121(d), including the following:

    a.    the size and complexity of the case;

    b.    the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information,

    c.    the existence of good faith progress toward reorganization;

    d.    the fact that the debtor is paying its bills as they become due;

    e.    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f.    whether the debtor has made progress in negotiations with its creditors;

    g.    the amount of time which has elapsed in the case;

    h.    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    i.    whether an unresolved contingency exists.

*See In re Adelphia Commc'ns Corp.,* 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *In re Cent. Jersey Airport Servs.*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *cf. Geriatrics Nursing Home, Inc. v. First Fid. Bank, N.A. (In re Geriatrics Nursing Home, Inc.)*, 187 B.R. 128, 132-33 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy . . . creditors and win support for its restructuring . . . and thus ensure its survival as a business.").

10.     Not all of the above factors are relevant in every case, and courts use only the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a

particular chapter 11 case. *See, e.g., In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause exists to extend exclusivity); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that debtor showed "cause" to extend exclusivity based on three of the factors).

11. Debtors are frequently granted such extensions in light of the particular circumstances of a case, in order to provide adequate opportunity to develop a plan of reorganization. *See, e.g., In re Dendreon Corp.*, Case No. 14-12515 (LSS) (Bankr. D. Del. April 10, 2015) (granting an initial 110-day extension of the exclusive periods); *In re Savient Pharm., Inc.*, Case No. 13-12680 (MFW) (Bankr. D. Del. Feb. 21, 2014) (granting an initial 90-day extension of the exclusive periods); *In re NE Opco, Inc.*, Case No. 13-11483 (CSS) (Bankr. D. Del. Oct. 30, 2013) (granting an initial 90-day extension of the exclusive periods); *In re Exide Techs.*, Case No. 13-11482 (KJC) (Bankr. D. Del. Oct. 15, 2013) (granting an initial 235-day extension of the exclusive filing period and a 229-day extension of the exclusive solicitation period); *In re Yarway Corp.*, Case No. 13-11025 (BLS) (Bankr. D. Del. Aug. 16, 2013) (granting an initial 120-day extension of the exclusive filing period and a 121-day extension of the exclusive solicitation period); *In re LCI Holding Co., Inc.*, Case No. 12-13319 (KG) (Bankr. D. Del. Apr. 5, 2013) (granting an initial 143-day extension of the exclusive periods).

12. In evaluating whether an extension under Bankruptcy Code section 1121(d) is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case. *See First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce

or increase the period of exclusivity in its discretion."); *In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Amko Plastics, Inc.,* 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . we hold that debtor has shown cause for the extension . . . ."); *In re Pub. Serv. Co.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility . . . ."); H.R. Rep. No. 95-595, at 232 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191 ("[T]he bill allows the flexibility for individual cases that is unavailable today.").

13. As set forth herein, the facts and circumstances of this chapter 11 case warrant the requested extension of the Exclusivity Periods. The Debtors have acted diligently during the initial months of these chapter 11 cases and will continue to do so for the remainder of these cases.

14. Prior to filing for chapter 11 relief, the Debtors and the Debtors' principals were the named defendants in the District Court Case which has been pending for the past three years. The litigation costs associated with defending themselves against Kimberly-Clark in the District Court Case have forced the Debtors to seek refuge in the Bankruptcy Court to salvage their businesses and reorganize their operations and debts.

15. Kimberly-Clark has filed the Motion to Dismiss, while the Debtors have filed the Adversary Proceeding and the Injunction Motion, all of which are currently pending before this Court. The Debtor requires sufficient time to resolve the issues with Kimberly-Clark in the various motions and the Adversary Proceeding before it can file a plan of reorganization.

16. As the primary cause of the Debtors' chapter 11 filings, Kimberly-Clark's claims

and the District Court Case represents the crux of these cases, and any plan of reorganization will ultimately hinge on the outcome this dispute. Accordingly, the Debtors seek additional time to resolve the issues with Kimberly-Clark before they file a plan of reorganization.

17. The Debtors anticipate filing and confirming a plan or plans in the coming months and seek an extension to the Exclusivity Periods to preclude the costly disruption and instability that would occur if competing plans were proposed either before a plan is confirmed, or, if a plan is not confirmed, before the Debtors have a meaningful opportunity to work with their key constituencies to put forth an amended proposal.

18. This Motion is the Debtors' first request for an extension of the Exclusivity Periods, and the request will not unfairly prejudice or pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage. The Debtors need creditor support to confirm any plan, so the Debtors are in no position to impose or pressure their creditors to accept unwelcome plan terms. *See* 11 U.S.C. § 1129(a)(10) (plan confirmation requires accepting impaired class of creditors). The Debtors seek an extension of the Exclusivity Periods to advance these cases and continue good faith negotiations with their stakeholders.

19. Premature termination of the Exclusivity Periods may engender duplicative expense and litigation associated with multiple competing plans. Any litigation with respect to competing plans and resulting administrative expenses will only decrease recoveries to the Debtors' creditors and significantly delay, if not undermine entirely, the possibility of prompt confirmation of a plan of reorganization.

20. Given the consequences for the Debtors' estates if the relief requested herein is not granted and the substantial progress made to date, the requested extension of the Exclusivity Periods will not prejudice the legitimate interests of any party in interest in these cases. Rather,

the extension will further the Debtors' efforts to preserve value and avoid unnecessary and wasteful litigation.

### **RESERVATION OF RIGHTS**

The Debtors reserve all rights to request further extensions of the Exclusivity Periods as necessary and appropriate.

### **NO PRIOR REQUEST**

No prior application for the relief sought herein has been made to this or any other court.

### **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 21, 2021              **ROUNTREE LEITMAN & KLEIN, LLC**

<div style="margin-left: 3em;">

*/s/ Caitlyn Powers*
William A. Rountree, Ga, Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for the Debtors*

</div>

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In Re: | CASE NO. 21-21053-JRS |
| **EXTRUSION GROUP, LLC, *et al.*,**[1] | CHAPTER 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING**
**MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH**
**DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order under Bankruptcy Code section 1121(d) extending the Debtors' exclusive periods to file a chapter 11 plan and to solicit votes to approve a chapter 11 plan (the "**Exclusivity Periods**"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

before this Court under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtors, may file any chapter 11 plan from the date hereof through and including **June 2, 2022**.

3. Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtors, may solicit votes to accept a proposed chapter 11 plan filed with this Court during the period from the date hereof through and including **August 2, 2022**.

4. Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with Bankruptcy Code section 1121(d).

5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Caitlyn Powers*
William A. Rountree, Ga, Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for the Debtors*

**Distribution List**

William A. Rountree
Benjamin R. Keck
ROUNTREE LEITMAN & KLEIN, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Attn: David Weidenbaum
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303