### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| In Re: | CASE NO. 21-21053-JRS |
| EXTRUSION GROUP, LLC, *et al.*,[1] | CHAPTER 11 |
| Debtors. | Jointly Administered |

### NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING ON DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FOLEY & LARDNER LLP AS ORDINARY COURSE COUNSEL TO DEBTORS EFFECTIVE AS OF THE PETITION DATE

The above-captioned Debtors and Debtors-in-possession (collectively, the "**Debtors**") have filed an Application for Order Authorizing the Employment and Retention of Foley & Lardner LLP as Ordinary Course Counsel to Debtors Effective as of the Petition Date on March 16, 2022. Pursuant to Second Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at the Sidney O. Smith Federal Building and United States Courthouse 121 Spring Street SE, Room 120, Gainesville, GA 30501, and serve a copy on the movant's attorney, Rountree Leitman & Klein, LLC at Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, Georgia 30329, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **April 14, 2022**. The Court will hold an initial telephonic hearing for announcements on the Application at the following number: **Toll-free Number: 833-568-8864; Meeting ID: 161 418 0533, at 10:30 am** in Courtroom 103, United States Courthouse, 121 Spring Street, SE, Gainesville, Georgia 30501.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: March 16, 2022                     **ROUNTREE LEITMAN & KLEIN, LLC**

_/s/ Taner N. Thurman_
William A. Rountree, Ga, Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
_Attorneys for the Debtors_

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| In Re: | CASE NO. 21-21053-JRS |
| **EXTRUSION GROUP, LLC, *et al*,**[1] | CHAPTER 11 |
| Debtors. | Jointly Administered for Procedural Purposes Only |

### DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FOLEY & LARDNER LLP AS ORDINARY COURSE COUNSEL TO DEBTORS EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors (collectively, the "**Debtors**"), by this application (the "**Application**") and pursuant to sections 105(a), 327, 328, 363, 1107, and 1108 of title 11 of the United States Code §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seek entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Debtors to retain, employ, and compensate Foley & Lardner LLP ("**Foley**") as Ordinary Course Counsel to the Debtors, effective as of the Petition Date, with respect to matters pertaining to the Debtors' intellectual property rights and interests. In support of this Application, the Debtors respectfully state as follows:

#### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

2.      The legal predicates for the relief requested in this Application are §§ 105, 327, 328, 330, 331, 1107, and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**"), and rules 2002, 6004, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

<u>**BACKGROUND**</u>

3.      On October 5, 2021, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101*, et seq.*, thereby initiating the above-captioned, jointly-administered bankruptcy cases (collectively, the "**Chapter 11 Cases**") in the Bankruptcy Court for the Northern District of Georgia (the "**Court**") and creating their bankruptcy estates (the "**Estates**").

4.      The Debtors continue to operate and to manage their businesses as "debtors-in-possession" pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases pursuant to §§ 1102 and 1104.

5.      On October 15, 2021, the Court entered an order jointly administering the Chapter 11 Cases [Doc. 33].

6.      Foley & Lardner LLP ("**Foley**") represented the Debtors prepetition in patent prosecution matters and has extensive institutional knowledge regarding the products the Debtors provide in the non-wovens industry. As prepetition counsel for the Debtors for patent prosecution matters, Foley is uniquely positioned to represent the Debtors post-petition and assist them in patent prosecution-related matters.

7.      Debtor Extrusion Group, LLC ("**Extrusion Group**") is an industrial machinery manufacturing and consulting company.  Based on their many years of engineering experience, the Debtors' main principals have the knowledge and ability to design and oversee the manufacture

2

of massive industrial machines that produce non-woven fabric and plastic materials used in products such as wet wipes, diapers, face masks, and more.

8.    The nature of the Debtors' businesses is such that they have a modest amount of income from consulting services and occasional multi-million-dollar influxes of cash when Extrusion Group sells a huge piece of manufacturing equipment and related components and consulting services, which has happened every few years.

9.    Due to the highly mechanical and technical nature of the Debtors' businesses, the Debtors require counsel to maintain and protect their current patents, which constitute some of, if not the, most valuable assets of the Estates. In addition, the Debtors have a number of patent applications that are pending in the United States and in various foreign countries. The Debtors require counsel to prosecute these patent applications.

10.    Accordingly, the Debtors have filed this Application to retain counsel to protect, maintain, and enhance the Debtors' intellectual property estate.

## RELIEF REQUESTED

11.    By this Application, the Debtors seek authority to employ and retain Foley as ordinary course counsel for the Debtors in relation to all patent-prosecution matters in the Chapter 11 Cases effective October 5, 2021. Therefore, the Debtors respectfully request entry of an order pursuant to §§ 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 and 2016 authorizing the Debtors to employ and retain Foley as their attorneys to perform the patent-related legal services that will be necessary during the Chapter 11 Cases, both with regard to the filings and issues in the United States and through foreign attorneys, associates and agents in foreign jurisdictions.

4857-9279-0788.3

12.     The Debtors believe that it would be cost-effective and beneficial for the Debtors to retain Foley as ordinary course counsel, as it has been actively involved as counsel for the Debtors prepetition regarding patent-prosecution matters and therefore has valuable historical knowledge relevant to the Debtors and the Estates.

13.     The Debtors submit that both the interruption and the duplicative cost involved in obtaining substitute counsel to replace Foley at this juncture would be extremely harmful to the Debtors and the Estates, in light of its unique role. If the Debtors are required to retain counsel other than Foley in connection with the patent-prosecution matters, the Debtors, the Estates, and all parties in interest would be prejudiced by the time and expense necessary to replicate Foley's familiarity with the intricacies of the patent-prosecution matters. The Debtors believe that Foley is well-qualified and uniquely able to represent them in these Chapter 11 Cases in a most efficient and timely manner.

14.     As is customary in the intellectual property field, Foley uses subcontractor attorneys and patent agents in foreign jurisdictions to assist in carrying out the required and necessary legal services important to the filing and protection of the Debtor's intellectual property rights. Foley's Application is inclusive of the legal services performed by and costs advanced by these foreign essential legal players in this process, such that, as is customary with foreign IP agents, they are not filing separate employment or payment applications

15.     Foley will not be involved in the administration of the Chapter 11 Cases, but rather will provide limited services in connection with certain aspects of the Debtors' ongoing business operations.  As a result, the Debtors believe that Foley is not a "professional" as that term is used in sections 327 or 328 of the Bankruptcy Code, whose retention must be approved by this Court, subject to the limitations contained below.  Nevertheless, out of an abundance of caution, the

4

Debtors hereby seek an order authorizing the retention and payment of Foley during the pendency of this Chapter 11 Cases pursuant to the procedures described herein.

16.    The Debtors understand that Foley intends to apply to the Court for final allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code (or as otherwise allowed by order of this Court), the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Northern District of Georgia (the "**Local Rules**") for all services performed and expenses incurred on or after the Petition Date.

17.    The Debtors believe that they are retaining Foley on reasonable terms and conditions as further described in the Declaration of Mark Wolfson in Support of Application for Order Authorizing and Approving Retention of Foley as Ordinary Course Counsel for the Debtors (the "**Declaration**"), which is attached hereto as **Exhibit B**. The Debtors submit that the most reasonable terms and conditions are those charged by Foley to the Debtors and other clients on a daily basis in a competitive market for Foley's services in the intellectual property arena. For this matter, the Debtors and Foley have already agreed to pay Foley's standard hourly rates and to reimburse Foley for expenses incurred in representing Debtors that include, for example, copying, facsimile, courier, electronic research, expert retention fees, as well as patent prosecution expenses that include, for example, patent office fees, patent annuity fees, foreign patent agent and associate fees and expenses, and the like.   As discussed below, the fees and expenses incurred in the foreign jurisdictions are billed to Foley and then, without any mark-up, Foley simply includes those fees and expenses in its invoices as an additional expense of the engagement.

18.    The Declaration was executed on behalf of Foley in accordance with the provisions of section 327 of the Bankruptcy Code, Bankruptcy Rule 2014, and U.S. Trustee Guidelines and

5

4857-9279-0788.3

is incorporated herein by reference. The Debtors' knowledge, information, and belief regarding the matters set forth herein are based and made in reliance on the Declaration.

19.    For purposes of this Application, the Debtors propose to pay to Foley (a) monthly a fee of up to $5,000 for the time expended and expenses incurred each month by Foley attorneys, paralegals, and patent agents directly employed by Foley (the "**Monthly Fee**"), <u>plus</u> (b) actual fees incurred by professional or paraprofessional persons working on a foreign matter and expenses (*e.g.*, filing or registration fees, courier charges) incurred each month by foreign patent attorneys, agents and associates that are necessary or required in order to effectuate, protect or preserve the Debtor's intellectual property interest in countries outside the United States (the "**Monthly Foreign Expenses**"). Foley estimates such Monthly Foreign Expenses should be between an additional $2500 and $4500 per month.  Foley shall advise Debtors of the amounts needed in advance of authorizing the foreign counsel and agents to incur the same. As is customary in the intellectual property field, any such Monthly Foreign Expenses will be included and described as expenses on Foley's invoices to Debtors, not included as part of the Monthly Fee, but paid each month along with the amount due up to the Monthly Fee.

20.    To the extent the Monthly Fee actually incurred in one month by  Foley does not exceed $5000 or the Monthly Foreign Expenses actually incurred in one month by all Foreign Agents does not exceed $4500, those unused amounts for a prior month may be carried over in the following months (the "**Carry Over**") and used by the Debtors to pay toward such additional amounts incurred by Foley or the Foreign Agents beyond the Monthly Fee or Monthly Foreign Expenses if the Debtors received advance notice of the additional work to be performed or determined the additional work to be reasonable under the circumstances (the "**Additional Amounts**").

6

21.     In the event Foley or the Foreign Agents incur Additional Amounts to the extent not covered by the Carry Over, subject to its timely advance notification of the Debtors, Foley may seek by application allowance and payment of such uncovered Additional Amounts pursuant to and in conformity with the provisions governing the submission of Interim Fee Applications, as defined, described and set forth in the Court's Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals [Doc. 55] (the "**Compensation Procedures Order**").

22.     Foley has agreed to file a final fee application (and may file quarterly applications) with the Court for the Additional Fees, in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

23.     As a routine matter prior to the commencement of this Chapter 11 Cases, the Debtors carefully reviewed all billing statements received from Foley to ensure that the fees charged were reasonable and that the expenses incurred were necessary. As disclosed in the attached Declaration, Foley is owed $128,494.82 in unpaid pre-petition attorneys' fees and costs (which does not affect the employment of ordinary course counsel). This type of review will continue post-petition and, coupled with the proposed Monthly Fee and Monthly Foreign Expenses will protect the Estates against any excessive or improper billings.

<u>**BASIS FOR RELIEF**</u>

24.     Foley is well-suited to represent the Debtors during the Chapter 11 Cases. Foley has the requisite expertise on matters relating to patent prosecution. After due consideration and deliberation, the Debtors have concluded that their interests and the interests of their creditors would be best served by the retention of Foley as counsel to the Debtors to render such legal services as are necessary and appropriate in connection with the matters set forth herein.

4857-9279-0788.3

25.     The Debtors and the Estates will be well-served by authorizing the retention and compensation of Foley because of its past relationship with the Debtors and understanding of the Debtors' operations. It is in the best interest of all of the parties and the creditors to avoid any disruption in the professional services rendered by Foley as part of the Debtors' day-to-day operations. Moreover, Foley is necessary to provide services customarily rendered to the Debtors in the ordinary course of the Debtors' businesses.

26.     Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Further, section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under Section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

*Id.* § 328(a).  Also, § 330 of the Bankruptcy Code provides, in relevant part, as follows:

> After notice to the parties-in-interest and the United States Trustee and a hearing . . . the court may award to a . . . professional person employed under Section 327 . . . reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses.

*Id.* § 330(a)(1).

27.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."  *Id.* § 363(b)(1).  Finally, sections 1107 and 1108 of the Bankruptcy

8

Code authorize the debtor-in-possession to perform the functions of a trustee, including operating the debtor's business. *Id.* § 1107–1108.

28.    In determining whether an entity is a "professional" within the meaning of § 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts consider the following:

a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

c.    whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e.    the extent of the entity's involvement in the administration of the debtor's estate; and

f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, Case No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (only those

9

professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327).

29.    The foregoing factors must be considered in totality (*i.e.*, none of the factors alone is dispositive). Considering all of the factors, the Debtors do not believe that Foley qualifies as a "professional" within the meaning of § 327, whose retention must be approved by the Court.[2]

30.    Numerous courts have routinely granted the same or similar relief to debtors in other Chapter 11 Casess.  *See, e.g.*, *In re Pinktoe Tarantula Limited*, Case No. 18-10344 (Bankr. D. Del. March 29, 2018); (LSS) *In re Last Call Guarantor, LLC*, Case No. 16-11844 (KG) (Bankr. D. Del. Sept. 22, 2016); *In re Buffets, LLC, et al*., Case No. 16-50557-RBK (Bankr. W.D. Tex. May 27, 2016); *In re SFX Entm't, Inc.*, Case No. 16-10238 (MFW) (Bankr. D. Del. Mar. 3, 2016); *In re Leiner Health Prods. Inc*., Case No. 08-10446 (KJC) (Bankr. D. Del. Apr. 7, 2008); *In re Sharper Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. Apr. 2, 2008).

31.    The Debtors submit that Foley's proposed retention meets the four prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code because: (a) the proposed retention is for the specific purpose of Foley's representation of the Debtors in patent-prosecution matters; (b) the proposed retention of Foley does not involve conducting the Chapter 11 Cases for the Debtors; (c) the proposed retention is in the best interests of the Estates given the importance of patent-prosecution in this industry and these Chapter 11 Cases; and (d) Foley does not hold or represent any interest adverse to the Debtors or the Estates with respect to the specific matter for which retention is sought.

---

[2]    *See, e.g.*, *Elstead v. Nolden* (*In re That's Entm't Mktg. Grp., Inc.*), 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327); *In re Madison Mgmt. Grp., Inc.*, 137 B.R. 275, 283 (Bankr. N.D. El. 1992) (same); *In re Sieling Assocs.*, 128 B.R at 723; *In re Riker Indus.*, 122 B.R. at 973.

32.     Attorneys retained pursuant to § 327(e) of the Bankruptcy Code are not required to meet the "disinterested" standard set forth in section 327(a) of the Bankruptcy Code. *See In re Polaroid Corp.,* 424 B.R. 446, 453 (Bankr. D. Minn. 2010) (section 327(e) only disqualifies counsel when they have conflicts related to the matter on which the attorney is to be employed); *In re J.S. II, LLC*, 371 B.R. 311 (Bankr. N.D. Ill. 2007) (section 327(e) has more relaxed conflict of interest standard than section 327(a)); *In re EBW Laser, Inc*., 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005) (counsel not disqualified under section 327(e) because it holds prepetition claim); *In re Albert*, 206 B.R. 636, 644 (Bankr. D. Mass. 1997) (distinguishing the disinterested requirement in subsection 327(a) from the adverse interest requirement of subsections 327(c) and (e)); *In re Black & White Cab Co*., 175 B.R. 24, 25 (Bankr. E.D. Ark. 1994); *In re Hub Business Forms, Inc*., 146 B.R. 315 (Bankr. D. Mass. 1992) (because of limited scope of employment, special counsel need not be disinterested; however, special counsel may not hold or represent an interest adverse to the estate); *In re G & H Steel Serv., Inc.,* 76 B.R. 508 (Bankr. E.D. Pa. 1987).

33.     Foley has stated its desire and willingness to act in this Chapter 11 Cases and render the necessary professional services as ordinary course or special counsel for the Debtors with respect to its intellectual property rights and interests. To the best of the Debtors' knowledge, the partners and associates of Foley do not have any connection with or any interests adverse to the Debtors, their creditors, or any other party in interest, or respective attorneys except as disclosed in the Declaration.

34.     As disclosed in the Declaration, Foley undertook to determine whether it had any conflicts or other relationships that might cause it to hold or represent an interest adverse to the Debtors.  Foley does not have any connections to the Debtors or any of the parties in interest, and Foley does not hold any interest adverse to the Debtors or the Estates relating to the matters on

which Foley is to be employed.  Foley does not have any known contacts with any of the parties

in interest in matters related to the Chapter 11 Cases. To the extent that Foley discovers any

contacts, it will file a supplement to this Application to disclose such contacts.  Accordingly, Foley

does not hold a material adverse interest to the Debtors.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the

relief requested herein, including entering an Order in the form attached hereto or one substantially

the same, and such other and further relief as is just and proper.

Dated: March 15, 2022                            Respectfully submitted,

**EXTRUSION GROUP, LLC**

By: _____

Its:_____CEO_____

**EXTRUSION GROUP SERVICES, LLC**

By:_____

Its:_____CEO_____

**EG VENTURES, LLC**

By:_____

Its:_____CEO_____

**EG GLOBAL, LLC**

By:_____

Its:_____CEO_____

12

4857-9279-0788.3

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| In Re: | **CASE NO. 21-21053-JRS** |
| **EXTRUSION GROUP, LLC, *et al*,**[1] | **CHAPTER 11** |
| **Debtors.** | **Jointly Administered for Procedural Purposes Only** |

**ORDER GRANTING
DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF FOLEY & LARDNER LLP AS ORDINARY COURSE
COUNSEL TO DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] filed by the above-captioned debtors and

debtors-in-possession (the "**Debtors**"), pursuant to sections 105(a), 327, 328, 363, 1107, and 1108

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

of the Bankruptcy Code and Bankruptcy Rule 2014, seeking entry of an order authorizing, but not directing, the Debtors to employ and retain Foley & Lardner LLP ("**Foley**") as ordinary course counsel pursuant to 11 U.S.C. § 327(e), with respect to the Debtors' intellectual property rights and interests, as more fully described in the Application. Upon consideration of the Application and the Declaration of Mark Wolfson in Support of Application for Order Authorizing and Approving Retention of Foley as Ordinary Course Counsel for the Debtors (the "**Declaration**"); and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given, all objections to the Application have been withdrawn, resolved and/or overruled, and that no other or further notice is necessary; and that the Debtors have shown good, sufficient, and sound business purpose and justification for the relief requested in the Application; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors; the Debtors seek to employ Foley for a specified special purpose pursuant to 11 U.S.C. § 327(e) other than representation of the Debtors in the Chapter 11 Cases; Foley represented the Debtors prior to the commencement of the Chapter 11 Cases; the Debtors and Foley have represented to the Court that Foley does not have any interest adverse to the Debtors or their estates with respect to the matters on which Foley is to be employed; and on the record herein and after due deliberation thereon, good and sufficient cause exists for granting the relief requested therein,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.     Pursuant to sections 105(a), 327, 328, 363, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rule 2014(a), to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ Foley to perform the services set forth in the Application and the Declaration, effective as of the Petition Date, as its ordinary course counsel with respect to intellectual property rights and interests, including overseeing the engagement and actions of counsel, associates, and agents in foreign jurisdictions.

3.     Foley may receive compensation and be paid each month from the Debtors' estates for (a) its attorneys' fees and internal costs in an amount not to exceed $5,000 per calendar month (the "**Monthly Fee**"), plus (b) the actual fees expenses incurred and billed by foreign patent attorneys, agents and associates engaged by Foley (the names of which have been and will be disclosed to the Debtors), to assist with intellectual property matters in foreign jurisdictions, which Foley believes will not exceed $4,500 per month (the "**Monthly Foreign Expenses**").  Foley shall include with or in their statements the expenses reflected each month in invoices or statements submitted by such foreign attorneys, agents, and associates.

4.     To the extent the Monthly Fee actually incurred in one month by the Foley does not exceed $5,000 or the Monthly Foreign Expenses actually incurred in one month by all Foreign Agents does not exceed $4,500, those unused amounts for a prior month may be carried over in the following months (the "**Carry Over**") and used by the Debtors to pay toward such additional amounts incurred by Foley or the Foreign Agents beyond the Monthly Fee or Monthly Foreign Expenses if the Debtors received advance notice of the additional work to be performed or determined the additional work to be reasonable under the circumstances (the "**Additional Amounts**").

5.      In the event Foley or the Foreign Agents incur Additional Amounts to the extent not covered by the Carry Over, subject to its timely advance notification of the Debtors, Foley may seek by application allowance and payment of such uncovered Additional Amounts pursuant to and in conformity with the provisions governing the submission of Interim Fee Applications, as defined, described, and set forth in the Court's Compensation Procedures Order.

6.      Except as otherwise provided in this Order, Foley shall be compensated in accordance with the terms and conditions of Foley's engagement with the Debtors as set forth in the Application, the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any procedures or other orders of the Court as are applicable to this Chapter 11 Cases.  The terms of this Order control to the extent of any conflict with the terms of any other applicable compensation procedures, rules, or orders of the Court.

7.      If appropriate, except as otherwise authorized by this Order, the Debtors are entitled to seek relief from the Court, including on an expedited basis in the event of exigent or unforeseen circumstances, to modify the amount of the Monthly Fee and increase the estimate of the Monthly Foreign Expenses.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, effective as of the Petition Date.

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Taner N. Thurman*
William A. Rountree, Ga, Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Attorneys for the Debtors*

**<u>Distribution List</u>**

William A. Rountree
Benjamin R. Keck
ROUNTREE LEITMAN & KLEIN, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Attn: David Weidenbaum
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Mark J. Wolfson
Foley & Lardner LLP
100 North Tampa Street
Suite 2700
Tampa, FL  33602

**<u>Exhibit B</u>**

**Declaration of Mark Wolfson**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In Re: | **CASE NO. 21-21053-JRS** |
| **EXTRUSION GROUP, LLC, *et al*,[1]** | **CHAPTER 11** |
| Debtors. | **Jointly Administered for Procedural Purposes Only** |

**DECLARATION OF MARK WOLFSON IN SUPPORT OF**
**DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF FOLEY & LARDNER LLP AS ORDINARY COURSE**
**COUNSEL TO DEBTORS EFFECTIVE AS OF THE PETITION DATE**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

The undersigned hereby declares, under penalty of perjury, as follows:

1.      I am a member, partner, or similar representative of Foley & Lardner, LLP (
"**Foley**").

2.      This Declaration is submitted in support of the Application for Order Authorizing
and the Employment and Retention of Foley & Lardner, LLP as Ordinary Course/Special Counsel
with respect to the Debtors' Intellectual Property (the "**Application**") for the Debtors. Since the
Petition Date, the Debtors have requested that Foley provide legal services to the Debtors, and
Foley has agreed to provide such services.

3.      Foley, through my partner Robert Ward, and other members, partners, associates,
or employees of Foley, has provided, and/or plans to provide, the following legal services to the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion
Group Services, LLC (2698), and EG Ventures, LLC (N/A).

Debtors from and after the Petition Date:

4.    Continue to provide patent prosecution legal services in connection with patent applications pending in patent offices in the United States, and in foreign countries, such as China, European Patent Office, India, Japan, and Hong Kong.  This will involve analyzing and responding to official office actions from the patent offices, analyzing prior art references cited in such office actions, distinguishing from pending patent applications, amending patent claims as needed, developing arguments to distinguish invention as claimed from the cited references, and payment of patent annuity and other official patent fees.  Billing rates for attorneys, patent agents, and paralegals generally range from $200 per hour to $800 per hour.

5.    To the best of my knowledge, information, and belief, formed after due inquiry (i) except for the proposed retention of Foley in this case, Foley does not currently provide services to any party in any matter related to this Chapter 11 Cases; and (ii) Foley does not represent or hold an interest adverse to the Debtors, although it provides a disclosure of its connections in **Exhibit 1** attached hereto.

6.    Now or in the future, Foley may provide services to certain creditors of the Debtors or other interested parties in matters unrelated to the Debtors, but in this regard Foley's work for these clients will not include the provision of services on any matters relating to the Debtors or this Chapter 11 Cases. No creditor of the Debtors represents more than 1% of Foley's revenues.

7.    Foley is owed approximately $128,494.82 on account of services rendered and expenses incurred prior to the Petition Date in connection with Foley's employment by the Debtors pre-petition. Foley has not agreed to waive this claim, and as special counsel or ordinary course counsel it is not required to do so.

8.      Foley holds no retainer from the Debtors. As set forth in the Application, Foley will be paid (a) up to $5,000 monthly for its own fees and costs incurred in providing legal services to the Debtors subject to Foley's submission to the Debtor of invoices (the "**Monthly Fee**"), **plus** (b) each month the actual amounts necessary to pay the fees and expenses of foreign counsel, associates and agents  providing clerical and legal services in foreign jurisdictions as necessary (the "**Foreign Agents**"), which Foley believes should not exceed $4,500 in a month, subject to the inclusion in Foley's invoice of a reasonable description of the foreign fees and expenses incurred (the "**Monthly Foreign Expenses**").

9.      To the extent the Monthly Fee actually incurred in one month by Foley does not exceed $5,000 or the Monthly Foreign Expenses actually incurred in one month by all Foreign Agents does not exceed $4,500, those unused amounts for a prior month may be carried over in the following months (the "**Carry Over**") and used by the Debtors to pay toward such additional amounts incurred by Foley or the Foreign Agents beyond the Monthly Fee or Monthly Foreign Expenses if the Debtors received advance notice of the additional work to be performed or determined the additional work to be reasonable under the circumstances (the "**Additional Amounts**").

10.      With the sole exception that Foley may be required to advance fees and/or expenses to foreign attorneys' or agents, which will be disclosed in Foley's monthly statements, Foley further states that it has not shared, has not agreed to share, nor will it agree to share, any compensation received in connection with this case with any party or person except to the extent permitted by the Bankruptcy Code and the Bankruptcy Rules, although such compensation may be shared with any member or partner of, or any person employed by, Foley.

~ 3 ~

11.    Foley has read the Application and understands the limitations on compensation for professional services rendered and reimbursement of actual and necessary expenses allowed to be paid by the Debtors to Foley without an order of the Court.

12.    If, at any time during its employment by the Debtors, Foley should discover any facts bearing on the matters described herein, Foley will supplement the information contained in this Declaration.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

MARK J. WOLFSON
Florida Bar. No. 352756
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602
813.335.4119
mwolfson@foley.com

I declare and affirm that the above statements are made under penalty of perjury.

4889-3940-0973.1

**<u>Exhibit 1</u>**

Foley & Lardner LLP Conflicts Disclosure
Results of Parties in Interest Check for Extrusion
Group, LLC

*Denotes individual parties in interest whose names
appear in Foley's client database, but who may not be
the same individual or entity as the party with a claim
or interest in one of the Debtors.

| PARTY NAME | CURRENT FOLEY CLIENT | FORMER FOLEY CLIENT | NOTES |
|---|---|---|---|
| Aero Nonwovens, LLC | | | |
| Aero World Wide, LLC | | | |
| Arnall Golden Gregory LLP | | | |
| ARTechnical Solutions, LLC | | | |
| ASQ Consulting Group, LLC | | | |
| Barnes & Thornburg LLP | | X | |
| Central Insurance Co., The | | X* | Central Insurance Companies (former) |
| Charter HR PEO | | | |
| Consilio | | | |
| Conte, John G. | | | |
| D&P Properties | | | |
| DeLoatch, Nathan T. | | | |
| Everlaw, Inc. | | | |
| Foley & Lardner LLP | X | | |
| Georgia Department of Labor | | | |
| Georgia Department of Revenue | | | |
| Gibson Dunn & Crutcher LLP-TX | X | | |
| Global Teen Challenge, Inc. | | | |
| Hartford, The | X* | X | Hartford Investment Services, Inc.; Hartford Life and Accident Insurance Company; Hartford Life Insurance Company; unrelated matters |
| Internal Revenue Service | | X | |
| Kimberly-Clark Corporation | X | | Unrelated matters |

Foley & Lardner LLP Conflicts Disclosure
Results of Parties in Interest Check for Extrusion Group, LLC

*Denotes individual parties in interest whose names appear in Foley's client database, but who may not be the same individual or entity as the party with a claim or interest in one of the Debtors.

| PARTY NAME | CURRENT FOLEY CLIENT | FORMER FOLEY CLIENT | NOTES |
|---|---|---|---|
| Kimberly-Clark Global Sales, LLC | X | | Unrelated matters |
| Krause, Jeffrey C. | | | |
| Lanterman, Mark | | | |
| Leonard, James J. | | X* | James Leonard (former) |
| Neumeister, Michael S. | | | |
| Office of the United States Trustee | | X* | United States Bankruptcy Trustee Panel (former) |
| Osswald, Tim A., Prof. | | | |
| Powers, Caitlyn | | | |
| Raskin, Daniel E. | | | |
| Rountree, William A. | | | |
| Snellings Walters | | | |
| Sundheimer, Jonathan D. | | | |
| Thurman, Taner Nolan | | | |
| Troutman Pepper Hamilton | | | |
| United States Attorney, Northern District of Georgia | | X* | United States Attorney (former) |
| United States Secretary of the Treasury | | | |
| US Securities and Exchange Commission | | X | |
| Weidenbaum, David S. | | | |
| EG Global, LLC | X | | |
| EG Ventures, LLC | X | | |
| Extrusion Group Services, LLC | X | | |
| Extrusion Group, LLC | X | | |